United States District Court
For the Northern District of California

FILED
MAR 1 0 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH VAN DO,<br>    Petitioner,<br>    v.<br>KATHY PROSPER,<br>    Respondent. | No. C 06-276 MHP (pr)<br>**ORDER OF DISMISSAL** |

    Thanh Van Do has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his Santa Clara County Superior Court conviction of possession for sale of a controlled substance. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

    Prisoners in state custody who wish to challenge either the fact or length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). Petitioner has not done so and has not presented any exceptional circumstances to excuse his doing so. <u>See id.</u>

    Do's federal habeas petition raises two claims: ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Neither claim has been presented to the California Supreme Court. Do filed a petition for review in the California Supreme Court

that was denied in 2005. The petition for review did not raise the same grounds as those he raises in his current federal petition. See Federal petition, pp. 3-4. Do filed habeas petitions in the lower state courts but not in the California Supreme Court. See id. at 4-5.

Because the petition for review did not raise either of the claims raised in the federal habeas petition and no petition for writ of habeas corpus was filed in the California Supreme Court, the California Supreme Court has not been provided a fair opportunity to rule on the merits of Do's claims. Do has an avenue to the California Supreme Court available: he can file a state habeas petition there. Not only has the California Supreme Court not been given a fair opportunity to rule on the merits of the petition, the California Court of Appeal also may not have reached the merits of Do's habeas petition because Do reports that the petition sent there was "returned, filed in wrong court." Petition, p. 4. Do must first give the state's highest court (i.e., the California Supreme Court) a fair opportunity to rule on the merits of all his claims before presenting his claims in a federal habeas petition.

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED without prejudice to Do filing a new habeas action after available state judicial remedies are exhausted. The clerk shall close the file.

IT IS SO ORDERED.

DATED: March 9, 2006

Marilyn Hall Patel
United States District Judge

2